**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**TERESA THROWER-KEENHOLD,**

        **Plaintiff,**

**-vs-**                                                **Case No.   2:09-cv-40-FtM-99DNF**

**DALE ALLEN KEENHOLD,**

        **Respondent**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

On January 23, 2009, the Respondent, Dale Allen Keenhold filed a Motion to Move Case Into the United States Middle District Court of Florida, Fort Meyers [sic] Division, Diversity of Citizenship, 28 U.S.C. 1332 (Doc. 1). The Clerk construed the Motion as a Notice of Removal. The Respondent later filed an Affidavit of Indigency (Doc. 7) requesting that the Court permit him to proceed without the prepayment of costs. The Court reviewed the Motion (Doc. 1) and the Affidavit of Indigency (Doc. 7) and entered an Order to Show Cause (Doc. 10) requiring the Respondent to comply with 28 U.S.C. §§1441 and 1446 as well as Local Rule 4.02. On March 2, 2009, the Respondent filed a second Notice of Removal (Doc. 13) and a Precipe (Doc. 16). In addition, the Respondent filed a Petition in Support of An Emergency Writ of Habeas Corpus; and Writ of Error Coram Nobis, and a Motion to Dismiss with Prejudice (Doc. 14) and a Memorandum in Support of Petition for Emergency Writ of Habeas Corpus; Writ of Error Coram Nobis and Motion to Dismiss With Prejudice (Doc. 15). The Court explained in the Order to Show Cause that when an application is filed to proceed *in forma*

*pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915. Although a request to proceed *in forma pauperis* is generally made by the Plaintiff, in the instant case, due to the removal, the request is made by the Defendant, and the Court will review the removal to determine if it is sufficient.

The removal of a case from state court to federal court is governed by 28 U.S.C. §§1441 and 1446, and Local Rule 4.02 of the Local Rules for the Middle District of Florida. Pursuant to §1441(a) a defendant may remove an action from state court to federal court if the district courts have original jurisdiction. 28 U.S.C. §1441(a). Pursuant to §1441(b), if an action is removed and the district courts have original jurisdiction "founded on a claim or right arising under the constitution, treaties or laws of the United States" then the action is removable without regard to the citizenship of the parties. 28 U.S.C. §1441(b). However, any other action is removable only if "none of the partes in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).

To remove an action to federal court, a party must file a notice of removal which must contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §1446(a). There is a time limit for filing a notice of removal which is "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b). Section 1446 provides additional procedures for removal including that the Defendant must provide notice to the adverse parties in the action. *See,* 28 U.S.C. §1446 (d).

The Respondent did file some documents from state court actions in Virginia and one in Pennsylvania. Some of the documents relate to the custody of a minor child, Dominic A. Keenhold and some of the documents relate to divorce proceedings between the Plaintiff, Teresa Thrower-Keenhold, and the Respondent. Clearly, a copy of all process, pleadings, and orders were not provided by the Respondent. The documents provided do not confer jurisdiction on this Court.

In the Notice of Removal, the respondent also fails to set forth any basis for jurisdiction. The Respondent's filings are unclear and it is difficult to ascertain his meaning. It appears that he is alleging his ex-wife has obtained custody of his minor grandchild, and he would prefer that other family members have custody of this child. There is a domestic relations exception to diversity jurisdiction in that 28 U.S.C. §1332 does divest federal courts of the authority to issue child custody decrees. *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 20-21 (2004).

Further, pursuant to 28, U.S.C. §1441(b), an action is removable only if all of the defendants are not citizens of the State in which the action is brought. The Respondent is a citizen of the State of Florida as evidenced by his statement that he has "a home Port of residence located at: 3010 Princeton Avenue, Daytona Beach, Volusia County, Florida." (Notice of Removal, p. 1). In addition, 28 U.S.C. §1441 provides that an action may be removed "to the district and division embracing the place where such action is pending." According to the documents attached, there is no action pending in Florida. Therefore, based upon the documents the Respondent filed, his citizenship in Florida, and

the contents of the Notice of Removal, the Court determines that removal was not appropriate and this action should be dismissed.

In addition, the Respondent filed a Petition in Support of an Emergency Writ of Habeas Corpus (Doc. 14).  Again, the Respondent's filing is unclear and confusing.  However, it appears that he is requesting that the minor child, Dominick A. Keenhold be released from the custody of the Circuit Court for Stafford County, Virginia and given to certain family members.  The Supreme Court has held that 28 U.S.C.§2254 "'does not confer federal-court jurisdiction' for a child custody matter." *Holcomb v. Collier Circuit Court*, 2006 WL 4821448, *2 (M.D. Fla. November 28, 2006) (citing *Lehman v. Lycoming County Children's Service Agency*, 458 U.S. 502, 516 (1982)). The Court has no jurisdiction over the claims raised in the Petition.   Therefore, the Court finds that the Petition in Support of an Emergency Writ of Habeas Corpus should be denied.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Petition in Support of an Emergency Writ of Habeas Corpus, Writ of Error Coram Nobis, and  Motion to Dismiss With Prejudice (Doc. 14) be denied.

2) That the Motion to Proceed *In Forma Pauperis* (Doc. 7) be denied and this action be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this <u>  4th  </u> day of March, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record